# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BOBBY DARREL COGGIN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:11-0019 |
| v. ) | Judge Wiseman / Knowles |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This is a civil action filed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of the final decision of the Commissioner of Social Security finding that Plaintiff was not disabled and denying Plaintiff Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), as provided under the Social Security Act ("the Act"), as amended. The case is currently pending on Plaintiff's Motion for Judgement on the Administrative Record. Docket No. 12. Defendant has filed a Response, arguing that the decision of the Commissioner was supported by substantial evidence and should be affirmed. Docket No. 18.

For the reasons stated below, the undersigned recommends that Plaintiff's Motion for Motion for Judgement on the Administrative Record be denied, and that the decision of the Commissioner be AFFIRMED.

## I. INTRODUCTION

Plaintiff filed applications for DIB and SSI on August 22, 2006, alleging that he had been

1

disabled since July 17, 2006, due to tail bone fracture, neck, back, hand, and arm pain, upper body paralysis, difficulty walking, and depression. *See, e.g.,* Docket No. 10, Attachment ("TR"), pp. 67-68, 110-117, 146, 151. Plaintiff's applications were denied both initially (TR 62-64) and upon reconsideration (TR 65-68). Plaintiff subsequently requested (TR 80) and received (TR 82-86) a hearing. Plaintiff's video hearing was conducted on February 10, 2009, by Administrative Law Judge ("ALJ") Kathleen M. Thomas. TR 33. Plaintiff and vocational expert ("VE"), Dr. Lowell Latto, appeared and testified. *Id.*

On July 2, 2009, the ALJ issued a decision unfavorable to Plaintiff, finding that Plaintiff was not disabled within the meaning of the Social Security Act and Regulations. TR 20-32. Specifically, the ALJ made the following findings of fact:

> 1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2009.
>
> 2. The claimant has not engaged in substantial gainful activity since July 17, 2006, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: residuals from cervical fracture in motor vehicle accident, chronic pain, substance dependence, and substance induced depression. (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant's impairments, including the substance use disorder, meet sections 12.04 and 12.09 of 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d) and 416.920(d)).
>
> 5. If the claimant stopped the substance use, the claimant's physical limitations would still cause more than a minimal impact on the claimant's ability to perform basic work activities; therefore, the claimant would continue to have a severe impairment or combination of impairments.

6.  If the claimant stopped the substance use, the claimant would not have an impairment or combination of impairments that meets or medically equals any of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d) and 416.920(d)).

7.  If the claimant stopped the substance use, the claimant would have the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant could sit, stand, and walk 4-6 hours each in an 8-hour workday. With respect [to] the lifting, the claimant could not lift more than 5 pounds with his right arm. The claimant could lift 15-20 pounds with his left arm.

8.  If the claimant stopped the substance use, the claimant would be unable to perform past relevant work (20 CFR 404.1565 and 416.965).

9.  The claimant was born on January 19, 1970, and was 36 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

10. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

11. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

12. If the claimant stopped the substance use, considering the claimant's age, education, work experience, and residual functional capacity, there would be a significant number of jobs in the national economy that the claimant could perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

13. Because the claimant would not be disabled if he stopped the substance use (20 CFR 404.1520(g) and 416.920(g)),

> the claimant's substance use disorder is a contributing
> factor material to the determination of disability (20 CFR
> 404.1535 and 416.935). Thus, the claimant has not been
> disabled within the meaning of the Social Security Act at
> any time from the alleged onset date through the date of this
> decision.

TR 23-31.

On August 10, 2009, Plaintiff timely filed a request for review of the hearing decision. TR 14-16. On September 23, 2010, the Appeals Council issued a letter declining to review the case (TR 5-9), thereby rendering the decision of the ALJ the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. §§ 405(g) and 1383(c)(3). If the Commissioner's findings are supported by substantial evidence, based upon the record as a whole, then these findings are conclusive. *Id.*

## II. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of Record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## III. CONCLUSIONS OF LAW

### A. Standards of Review

This Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir. 1991). The purpose of this review is to determine (1) whether substantial evidence exists in the record to support the Commissioner's decision, and (2) whether any legal errors were committed in the process of reaching that decision. *Landsaw v. Secretary*, 803 F.2d 211, 213 (6th Cir. 1986).

"Substantial evidence" means "such relevant evidence as a reasonable mind would accept as adequate to support the conclusion." *Her v. Commissioner*, 203 F.3d 388, 389 (6th Cir. 1999) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Substantial evidence" has been further quantified as "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Commissioner*, 105 F.3d 244, 245 (6th Cir. 1996) (*citing Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)).

The reviewing court does not substitute its findings of fact for those of the Commissioner if substantial evidence supports the Commissioner's findings and inferences. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). In fact, even if the evidence could also support a different conclusion, the decision of the Administrative Law Judge must stand if substantial evidence supports the conclusion reached. *Her*, 203 F.3d at 389 (*citing Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). If the Commissioner did not consider the record as a whole, however, the Commissioner's conclusion is undermined. *Hurst v. Secretary*, 753 F.2d 517, 519 (6th Cir. 1985) (*citing Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980) (*citing Futernick v. Richardson*, 484 F.2d 647 (6th Cir. 1973))).

In reviewing the decisions of the Commissioner, courts look to four types of evidence: (1) objective medical findings regarding Plaintiff's condition; (2) diagnosis and opinions of medical experts; (3) subjective evidence of Plaintiff's condition; and (4) Plaintiff's age, education, and work experience. *Miracle v. Celebrezze*, 351 F.2d 361, 374 (6th Cir. 1965).

### B. Proceedings At The Administrative Level

The claimant carries the ultimate burden to establish an entitlement to benefits by proving his or her "inability to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "Substantial gainful activity" not only includes previous work performed by Plaintiff, but also, considering Plaintiff's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which Plaintiff lives, or whether a specific job vacancy exists, or whether Plaintiff would be hired if he or she applied. 42 U.S.C. § 423(d)(2)(A).

At the administrative level of review, the claimant's case is considered under a five-step sequential evaluation process as follows:

> (1) If the claimant is working and the work constitutes substantial gainful activity, benefits are automatically denied.
>
> (2) If the claimant is not found to have an impairment which significantly limits his or her ability to work (a "severe" impairment), then he or she is not disabled.
>
> (3) If the claimant is not working and has a severe impairment, it must be determined whether he or she suffers from one of the "listed" impairments[1] or its equivalent. If a listing is met or equaled, benefits are owing without further inquiry.
>
> (4) If the claimant does not suffer from any listing-level impairments, it must be determined whether the claimant can return to the job he or she previously held in light of his or her residual functional capacity (e.g., what the claimant can still do despite his or her limitations). By showing a medical condition that prevents him or her from returning to such past relevant work, the claimant establishes a *prima facie* case of disability.
>
> (5) Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner to establish the claimant's ability to work by proving the existence of a significant number of

---

[1]The Listing of Impairments is found at 20 C.F.R., Pt. 404, Subpt. P, App. 1.

jobs in the national economy which the claimant could perform, given his or her age, experience, education, and residual functional capacity.

20 C.F.R. §§ 404.1520, 416.920 (footnote added). *See also Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

The Commissioner's burden at the fifth step of the evaluation process can be satisfied by relying on the medical-vocational guidelines, otherwise known as "the grid," but only if the claimant is not significantly limited by a nonexertional impairment, and then only when the claimant's characteristics identically match the characteristics of the applicable grid rule. Otherwise, the grid cannot be used to direct a conclusion, but only as a guide to the disability determination. *Id.* In such cases where the grid does not direct a conclusion as to the claimant's disability, the Commissioner must rebut the claimant's *prima facie* case by coming forward with particularized proof of the claimant's individual vocational qualifications to perform specific jobs, which is typically obtained through vocational expert testimony. *See Varley v. Secretary*, 820 F.2d 777, 779 (6th Cir. 1987).

In determining residual functional capacity for purposes of the analysis required at stages four and five above, the Commissioner is required to consider the combined effect of all the claimant's impairments; mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. § 423(d)(2)(B).

### C. Plaintiff's Statement Of Errors

Plaintiff contends that the ALJ improperly evaluated the connection between his depression and substance use and the materiality of his alcohol abuse. Docket No. 13. Accordingly, Plaintiff maintains that, pursuant to 42 U.S.C. § 405(g), the Commissioner's
7

decision should be reversed, or in the alternative, remanded. *Id.*

Sentence four of § 405(g) states as follows:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. §§ 405(g), 1383(c)(3).

"In cases where there is an adequate record, the Secretary's decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F.3d 316, 318 (6th Cir. 1994).

### 1. Evaluation of Plaintiff's Depression and Substance Use

Plaintiff contends that the ALJ improperly found that his depression was "substance induced" and that the "depression with substance dependence" was a severe impairment. Docket No. 13. Specifically, Plaintiff argues that, "Nowhere in the record does any medical source (treating or non-treating) indicate that [Plaintiff's] depression is *substance induced*." *Id.* at 6 (emphasis original). Plaintiff maintains that the ALJ's conclusion that there is a connection between his substance use and alcoholism, and his depression, is not supported by substantial evidence. *Id.* Plaintiff further contends that the record shows neither a causal connection between his alcohol abuse and his mental impairments, nor the effect of alcohol abuse on his

8

mental impairments. *Id.* Plaintiff maintains, that, although the ALJ identified evidence to show that Plaintiff's depression was at a disabling level, she failed to identify any evidence to show that the depression was substance abuse or related. *Id.* Plaintiff asserts that, accordingly, the ALJ improperly assessed the materiality of his alcohol abuse in accordance with 20 C.F.R. § 404.1535. *Id.* Plaintiff additionally asserts that, in general, the ALJ failed to follow proper legal standards in her decision because substantial evidence does not support her findings. *Id.*

Defendant responds that the ALJ properly evaluated Plaintiff's depression. Docket No. 18. Specifically, Defendant maintains that the ALJ properly found that Plaintiff suffered from a combination of depressive disorder and substance use disorder that qualified as a severe impairment sufficient to meet Listings 12.04 and 12.09. *Id.* Defendant highlights that under Sixth Circuit case law, severity of an impairment is a *de minimus* hurdle, and argues that substantial evidence supports the ALJ severity determinations. *Id.* Moreover, Defendant asserts, *arguendo*, that even if the ALJ erred in findings Plaintiff's depression to be "substance induced," then this error is harmless because of her proper consideration of the cumulative effects of Plaintiff's depressive disorder, along with other impairments, throughout the remaining steps of her disability analysis. *Id.*

Defendant additionally argues that substantial evidence supports the ALJ's assessment that Plaintiff's alcohol abuse was material to the disability analysis. *Id.* Specifically, Defendant asserts that the ALJ duly followed the analysis set forth in 20 C.F.R. §§ 404.1535 and 416.935 to make this determination. *Id.* Defendant maintains that the ALJ properly considered all of the evidence of record in finding that Plaintiff's mental limitations, but for his substance abuse, would cause no more than mild limitations in activities of daily living, social functioning,

persistence or pace, and no periods of decompensation. *Id.*

Regarding the relationship between Plaintiff's depression and substance use, the ALJ listed "substance induced depression" among Plaintiff's severe impairments and explained:

> The claimant also suffers from substance dependence. Both of the above mentioned motor vehicle accidents involved alcohol. In addition, records from Dr. Phelps report the claimant was formerly a heavy user of alcohol. Records also indicate a hospitalization from an overdose of morphine and an allegation that the claimant had been seeking pain medication from multiple providers. The claimant also reportedly used cocaine and indicated someone had stolen his pain medication. Medical records also mention the fact that the claimant was incarcerated in October 2008, and the claimant testified this incarceration was due to a charge of driving under the influence. The claimant reported additional alcohol related charges to the consultative examiner. As discussed below, the undersigned also assigns a severe impairment of depression with substance dependence.
>
> . . .
>
> The claimant's substance use disorder causes listing sections 12.04 and 12.09 to be met. While neither the consultative examiner nor the State agency consultant reviewing the claimant's files as to mental impairments specifically diagnosed depression, the claimant has testified concerning his symptoms of depression. In addition, the claimant's treating medical source indicates the claimant suffers from depression, and the claimant has been prescribed such medications as Cymbalta, Xanax, and Prozac. If the undersigned assumes the claimant's complaints to his medical providers to be credible, the "paragraph A" criteria are satisfied because the claimant has anhedonia or pervasive loss of interest in activities, sleep disturbance, difficulty concentrating or thinking, decreased energy, and the possibility of suicidal ideation.
>
> The evidence establishes that the 'paragraph C' criteria are also met. The claimant has a documented history of at least 2 years duration causing more than minimal limitation of ability to do basic work activities, and a current history of 1 or more years inability to function outside a highly supportive living

> arrangement, with an indication of continued need for such an
> arrangement. The documentary evidence indicates the claimant
> lives with his grandmother and mother. In addition, the claimant
> and his mother indicated Ms. Coggin assists the claimant with his
> person care and medications. Louis Shone, M.D., also commented
> that the claimant's mother worked to prevent the claimant's
> substance abuse. Although the claimant reportedly lived with
> family, this arrangement did not prevent a second motor vehicle
> accident involving alcohol, thereby supporting the proposition that
> a supportive arrangement is needed in light of the claimant's
> substance abuse and/or dependence. In sum, the documentary
> evidence supports the claimant having need of a supportive living
> arrangement in light of his substance dependence.
>
> After careful consideration of all the activities, the undersigned
> finds that the claimant is credible concerning some of the
> symptoms and limitations of his affective disorder when he
> continues to abuse substances including, but not limited to, alcohol
> and both prescription and non prescription drugs. As for the
> opinion evidence, both the consultative examiner and the State
> agency consultant reviewing the claimant's file as to mental
> impairments diagnosed the claimant with substance abuse or
> dependence. While the consultative examiner indicated the alcohol
> abuse was claimed to be in remission, the other evidence of record
> indicates the claimant's substance problems continued. For
> example, the second motor vehicle accident and allegations of
> substance abuse occurred after the date of the consultative
> examination.

TR 23-25, *citing* TR 135-45, 235-56, 452-55, 460-69, 480-93, 502-09, 514-27, 532-650, 661-63.

Plaintiff contends that this explanation fails to demonstrate that there is substantial evidence to support that ALJ's determination that his depression and substance use are related. Docket No. 13. As explained above, "substantial evidence" means "such relevant evidence as a reasonable mind would accept as adequate to support the conclusion," (*Her*, 203 F.3d at 389 (*citing Richardson*, 402 U.S. at 401)), and has been further quantified as "more than a mere scintilla of evidence, but less than a preponderance" (*Bell*, 105 F.3d at 245 (*citing Consolidated*

*Edison Co.*, 305 U.S. at 229)). The reviewing court must accept the ALJ's explicit findings and determinations unless the record, as a whole, is without substantial evidence to support the ALJ's determination. *Houston v. Secretary*, 736 F.2d 365 (6th Cir. 1984); *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978). In the instant case, as shown above, the ALJ properly considered the medical evidence of record, expert opinion evidence, and Plaintiff's own testimony regarding his mental impairments and substance use (TR 23-25), all of which constitute "substantial evidence."

With regard to the evaluation of whether drug abuse or alcoholism is a contributing factor material to the determination of disability, the Code of Federal Regulations states:

> (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
>
> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.
>
>> (i) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>>
>> (ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

20 C.F.R. §§ 404.1535(b), 416.935(b).

In determining the impact of substance abuse on Plaintiff's ability to work, the ALJ stated:

If the claimant stopped the substance use, he would still have remaining the physical limitations described above and herein. However, he would have no severe mental impairment.

In determining the extent to which any mental limitations would remain if the substance use was stopped, the undersigned has considered the four broad functional areas set out in the disability regulations for evaluating mental disorders and in section 12.00C of the Listing of Impairments (20 CFR, Part 404, Subpart P, Appendix 1). These four broad functional areas are known as the "paragraph B" criteria.

The first functional area is activities of daily living. In this area, the claimant would have no limitation if the substance use was stopped. While the claimant indicates he needs assistance in remembering to perform some activities of daily living, the consultative examiner noted the claimant retained the ability to effectively understand, remember, and carry out simple verbal instructions. In addition, the claimant reported he was able to drive and purchase some items from a store. He also reported he stayed with an elderly Alzheimer's family member while other family members were absent, implicating the responsibility to care for another individual even for a short period of time. Therefore, the evidence supports no degree of limitation of activities of daily living without substance use.

The next functional area is social functioning. In this area, the claimant would have no limitation if the substance was stopped. The consultative examiner's report indicates the claimant reported visiting with friends at times. He is able to go to the convenience store and interact with staff. In addition, the State agency consultant also opined the claimant would have no limitations with respect to social functioning.

The third functional area is concentration, persistence or pace. In this area, the claimant would have no limitation if the substance was stopped. The consultative examiner noted that problems with attention, concentration, memory, persistence, etc., were not demonstrated during the interview and mental status examination. The claimant could perform mathematical sequencing and could recall news events. Therefore, the claimant would have no limitations with respect to concentration, persistence, or pace.

> The fourth functional area is episodes of decompensation. In this area, the claimant would experience no episodes of decompensation if the substance use was stopped. There is no evidence to support the claimant has or would experience inpatient hospitalization for mental conditions if substance use was eliminated.
>
> Because the remaining mental limitations would cause no more than "mild" limitation in any of the first three functional areas and "no" limitation in the fourth area, they would be nonsevere if the substance use was stopped (20 CFR 404.1520a(d)(1) and 416.920a(d)(1)).

TR 26-27, *citing* TR 502-09, 514-27.

The ALJ also stated:

> 6. If the claimant stopped the substance use, the claimant would not have an impairment or combination of impairments that meets or medically equals any of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d) and 416.920(d)).
>
> . . .
>
> 7. If the claimant stopped the substance use, the claimant would have the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant could sit, stand, and walk 4-6 hours each in an 8-hour workday. With respect [to] the lifting, the claimant could not lift more than 5 pounds with his right arm. The claimant could lift 15-20 pounds with his left arm.
>
> . . .
>
> 8. If the claimant stopped the substance use, the claimant would be unable to perform past relevant work (20 CFR 404.1565 and 416.965).
>
> . . .
>
> 12. If the claimant stopped the substance use, considering the

14

>     claimant's age, education, work experience, and residual functional capacity, there would be a significant number of jobs in the national economy that the claimant could perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).
>
> . . .
>
> 13. Because the claimant would not be disabled if he stopped the substance use (20 CFR 404.1520(g) and 416.920(g)), the claimant's substance use disorder is a contributing factor material to the determination of disability (20 CFR 404.1535 and 416.935). Thus, the claimant has not been disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of this decision.

TR 27-31.

As can be seen, the record is replete with medical evidence, physicians' reports, and testimonial evidence that constitute "substantial evidence" in support of the ALJ's finding that Plaintiff would not be disabled if he stopped his substance use. In accordance with the Regulations, this determination renders substance use a material factor in Plaintiff's disability analysis. *See* 20 C.F.R. §§ 404.1535(b), 416.935(b). The ALJ followed the proper legal standards in reaching her determinations above, and the Regulations do not require more.

The ALJ in the case at bar considered the evidence of record, reached a reasoned decision, and clearly articulated her rationale for finding a relationship between Plaintiff's depression and substance use and for finding that Plaintiff would not be disabled if he stopped his substance use. Substantial evidence supports these findings, and the Regulations do not require more. Therefore, the ALJ's decision must stand.

## IV. RECOMMENDATION

For the reasons discussed above, the undersigned recommends that Plaintiff's Motion for Judgment on the Administrative Record be DENIED, and that the decision of the Commissioner be AFFIRMED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge